UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ERIN CARTER,**

    **Plaintiff,**                                                                                   Case No.:

vs.

**CARECENTRIX, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, ERIN CARTER, by and through undersigned counsel, sues the Defendant, CARECENTRIX, INC., and states as follows.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, ERIN CARTER (hereinafter "Plaintiff" or "Carter"), is a resident of Hillsborough County, Florida. At all times material, Plaintiff was an

employee of Defendant within the meaning of the Family and Medical Leave Act (FMLA), the Americans with Disabilities Act (ADA), and the Florida Civil Rights Act (FCRA).

4. Defendant, CARECENTRIX, INC. (hereinafter "CareCentrix" or "Defendant"), is a foreign for-profit corporation, authorized and doing business in this Judicial District. At all times material, CARECENTRIX employed Plaintiff. At all times material, CARECENTRIX employed the requisite number of employees and, therefore, is an employer as defined by the FMLA, ADA, and FCRA.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's state and federal protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. All conditions precedent to bringing this action have occurred.

10. Plaintiff timely filed a charge of discrimination with the Equal

Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR).

11. A notification of Right to Sue was received from the EEOC. This Complaint has been filed within ninety (90) days of receipt thereof.

12. More than 180 days have passed since the filing of the Charge of Discrimination.

## FACTUAL ALLEGATIONS

13. Plaintiff began her employment with Defendant in approximately July 2019, as an AR Representative.

14. During her tenure with Defendant, Plaintiff performed her duties without any issues.

15. Plaintiff suffers from a serious and qualified disability under the FMLA and ADA, which worsened during the COVID-19 pandemic.

16. Around this time, Defendant also became aware of her son's qualified disability.

17. On or about June 23, 2020, Plaintiff explained to Ann Geiger, HR Representative, that COVID-19 and the recent unsolicited promotion (requirements and responsibilities) to AR Representative II on June 3, 2020, was affecting her disability and that she needed an accommodation to work exclusively with a specific client.

18. Ms. Geiger told Plaintiff that more than likely there is no accommodation for her.

19. On or about September 3, 2020, Plaintiff applied for FMLA to care for her child, who has a learning and medical disability.

20. On or about September 14, 2020, FMLA was approved.

21. Shortly thereafter, on or about October 19, 2020, Plaintiff was disciplined by her manager and HR, whom both had knowledge of her disability and that she was associated with someone with a disability, for allegedly being unprofessional during a call with them.

22. On or about December 17, 2020, Plaintiff filed a charge of discrimination with the EEOC.

23. On or about January 6, 2021, Plaintiff was terminated from her employment with Defendant.

## COUNT I
## FAMILY MEDICAL LEAVE ACT ("FMLA") – INTERFERENCE

24. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 23.

25. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

26. Defendant's actions constitute violations of the FMLA.

27. As a result of Defendant's actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for damages including back pay and benefits; compensatory damages; interest; liquidated damages; attorneys' fees and costs; equitable relief; reinstatement; and any other relief permitted by law.

## COUNT II
## FAMILY MEDICAL LEAVE ACT ("FMLA") – RETALIATION

28. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 23.

29. Defendant's retaliated against Plaintiff for asserting her FMLA rights.

30. Defendant's actions constitute violations of the FMLA.

31. As a result of Defendant's actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for damages including back pay and benefits; compensatory damages; interest; liquidated damages; attorneys' fees and costs; equitable relief; reinstatement; and any other relief permitted by law.

## COUNT III
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") – FAILURE TO ACCOMMODATE

32. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 23.

33. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee

within the meaning of the ADAAA.

34. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

35. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act and Defendant failed to engage in the interactive process.

36. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for damages including back pay and benefits; compensatory damages; interest; liquidated damages; attorneys' fees and costs; equitable relief; reinstatement; and any other relief permitted by law.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – FAILURE TO ACCOMADATE

37. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 23.

38. As described above, Plaintiff has a disability, and/or the Defendant perceived her to have a disability as defined by Florida Civil Rights Act ("FCRA"),

Section 760.01, *et seq., Florida Statutes.*

39. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability and/or perceived disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act and Defendant failed to engage in the interaction process.

40. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for damages including back pay and benefits; compensatory damages; interest; liquidated damages; attorneys' fees and costs; equitable relief; reinstatement; and any other relief permitted by law.

## COUNT V
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") - RETALIATION

41. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 23.

42. Plaintiff suffered an adverse employment action (termination) for opposing an employment practice for opposing Defendant's discriminatory treatment of her, which action is unlawful pursuant to the ADAAA, 42 U.S.C. §

12112, *et seq.*

43. The above-described acts constitute retaliation, in violation of the ADAAA.

44. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for damages including back pay and benefits; compensatory damages; interest; liquidated damages; attorneys' fees and costs; equitable relief; reinstatement; and any other relief permitted by law.

## COUNT VI
## FLORIDA CIVIL RIGHTS ACT ("FCRA") - RETALIATION

45. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 23.

46. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

47. By the conduct described above, Defendant engaged in unlawful employment practices and retaliated against Plaintiff in violation of the Florida Civil Rights Act.

48. Defendant knew or should have known of the retaliation.

49. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for damages including back pay and benefits; compensatory damages; interest; liquidated damages; attorneys' fees and costs; equitable relief; reinstatement; and any other relief permitted by law.

## COUNT VII
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") – ASSOCIATIONAL DISCRIMINATION

50. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 23.

51. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act Amendments of 2008 ("ADAAA").

52. Plaintiff is an employee within the meaning of the ADAAA, as amended.

53. Pursuant to 42 U.S.C. §12112(a)-(b)(4) of the ADAAA, no covered employer shall discriminate against a qualified individual on the basis of disability, which includes "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." Plaintiff is an individual who is associated with an individual with a disability; specifically, Plaintiff's son suffered from a disability. Defendant knew of Plaintiff's son's disability and Plaintiff's association/relationship to her son.

54. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff because of her association with her son's disability. Specifically, Defendant discriminated against Plaintiff by terminating her employment with Defendant. The termination occurred under circumstances which raise a reasonable inference that the disability of Plaintiff's son was a determining factor in Defendant's decision.

55. Defendant was aware that Plaintiff's son had a need for Plaintiff's presence at home on occasion.

56. The above-described acts of disability discrimination constitute a violation of the ADAAA, as amended, for which Defendant is liable.

57. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

58. As direct and proximate result of Defendant's violations of the ADAAA, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant for damages including back pay and benefits; compensatory damages; interest; liquidated damages; attorneys' fees and costs; equitable relief; reinstatement; and any other relief permitted by law.

**DEMAND FOR JURY TRIAL**

59. Plaintiff demands a jury trial on all issues so triable.

Dated this 1st day of October, 2021.

                                            **FLORIN GRAY BOUZAS OWENS, LLC**

                                            **/s/ Scott L. Terry**_____
                                            **SCOTT L. TERRY, ESQ.**
                                            Florida Bar No. 77105
                                            Primary:  scott@fgbolaw.com
                                            Secondary:  daniela@fgbolaw.com
                                            **WOLFGANG M. FLORIN, ESQ.**
                                            Florida Bar No.: 907804
                                            Primary:  wolfgang@fgbolaw.com
                                            16524 Pointe Village Drive, Suite 100
                                            Lutz, Florida 33558
                                            Telephone No.: (727) 254-5255
                                            Facsimile No.: (727) 483-7942
                                            *Attorneys for Plaintiff*